IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                No. CR 11-2006 JB

FRANCISCO ALFREDO PALACIOS-GUERRERO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Motion for Downward Departure or Variance, filed December 12, 2011 (Doc. 29)("Sentencing Memorandum"). The Court held a sentencing hearing on January 30, 2012. The primary issue is whether the Court should sentence Defendant Francisco Alfredo Palacios-Guerrero at the bottom of the advisory guideline range. The Court will grant Palacios-Guerrero's request for a sentence at the bottom of the advisory guideline range. Because there are no aggravating circumstances that would counsel in favor of imposing a sentence higher within the advisory guideline range, the Court will sentence Palacios-Guerrero at the bottom of the advisory guideline range.

**FACTUAL BACKGROUND**

In 1994, Palacios-Guerrero pled guilty to a felony charge of transportation of cocaine. See Presentence Investigation Report ¶ 22, at 6, disclosed October 24, 2011 ("PSR"). In 2003, Palacios-Guerrero pled no contest to a misdemeanor battery charge. See PSR ¶ 23, at 7. This offense involved an attack on his wife. See PSR ¶ 23, at 7-8. In 2007, Palacios-Guerrero pled guilty to a federal misdemeanor illegal entry charge and received a sentence of 6-months imprisonment. See PSR ¶ 24, at 9. In 2008, Palacios-Guerrero pled guilty to a misdemeanor charge of false

identification to a peace officer. See PSR ¶ 25, at 9. In 2009, Palacios-Guerrero pled guilty to a felony possession of a controlled substance charge that involved cocaine. See PSR ¶ 27, at 10. In 2009, Palacios-Guerrero pled guilty to a federal felony charge of deported alien found in the United States and received a sentence of 15-months imprisonment and 3-years supervised release. See PSR ¶ 28, at 11.

On March 22, 2011, United States Border Patrol agents near Sunland Park, New Mexico observed two individuals walking in a northern direction from a mountain toward a set of railroad tracks. See PSR ¶ 4, at 3. "This area is located approximately one mile north of the United States/Mexico International Boundary." PSR ¶ 4, at 3. When the agents came upon these individuals, they were attempting to conceal themselves in a bush. See PSR ¶ 4, at 3. Palacios-Guerrero, one of the individuals, admitted to illegally entering the United States. See PSR ¶ 5, at 3. Palacios-Guerrero committed the current offense while on supervised release for his 2009 felony immigration charge. See PSR ¶ 29, at 12.

**PROCEDURAL BACKGROUND**

Palacios-Guerrero, pursuant to a Non-Standard Fast Track Plea Agreement, filed September 2, 2011 (Doc. 23)("Plea Agreement"), pled guilty to the Indictment, filed July 27, 2011 (Doc. 13), charging him with a violation of 8 U.S.C. § 1326 (a) and (b), that being re-entry of a removed alien. The parties agreed to a 2-level reduction to his offense level pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, to the extent applicable, a 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 6, at 2. The parties agreed, pursuant to the United States Attorney's Office fast-track plea agreement program and U.S.S.G. § 5K3.1, to a 1-level reduction; in exchange, Palacios-Guerrero agreed to waive his appellate rights. See Plea Agreement ¶¶ 6, 12, at 2, 5. The parties reserved the right to "assert any position or argument with respect to the

sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement. Plea Agreement ¶ 8, at 3.

On October 24, 2011, the United States Probation Office ("USPO") disclosed a PSR for Palacios-Guerrero. The PSR calculates his base offense level as 8 pursuant to U.S.S.G. § 2L1.2(a). See PSR ¶ 13, at 5. The PSR applies an 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) based on Palacios-Guerrero having been previously deported after a conviction for an aggravated felony. See PSR ¶ 13, at 5. The PSR calculates Palacios-Guerrero's adjusted offense level as 16, and his total offense level under the guidelines as 13 after a 3-level reduction for acceptance of responsibility. See PSR ¶¶ 17-19, at 6. Based on the Plea Agreement, the PSR further reduces the total offense level 1 level to 12. See PSR ¶ 20, at 6. The PSR calculates Palacios-Guerrero's criminal history category as VI based on 16 criminal history points. See PSR ¶ 30, at 12. The PSR calculates that an offense level of 12 and a criminal history category of VI establishes a sentencing range of 30 to 37 months. See PSR ¶ 73, at 25. On November 14, 2011, the USPO disclosed an Addendum to the PSR to provide some information about additional criminal history Palacios-Guerrero has and to add 4 criminal history points to his criminal history score. See Addendum to PSR at 1. The Addendum to the PSR states that this increase in points does not change his criminal history category. See Addendum to PSR at 1. There being no disputes about the PSR's factual findings, the Court adopts them as its own.

On December 12, 2011, Palacios-Guerrero filed his Sentencing Memorandum. He asks the Court for a sentence that is sufficient but not greater than necessary to reflect the factors in 18 U.S.C. § 3553(a). He notes that, in the last few years, his mother, step-father, and his biological father have all passed away. See Sentencing Memorandum at 4 (citing PSR ¶¶ 55-56, at 21-22). Palacios-Guerrero states that he "was raised by his mother and his step-father in an atmosphere

which subjected both himself and his mother to verbal and physical abuse, primarily due to the abuse of alcohol by his step-father." Sentencing Memorandum at 4 (citing PSR ¶ 58, at 22). Palacios-Guerrero notes that he has been married to his wife, who lives in California, for thirty-two years. See Sentencing Memorandum at 4 (citing PSR ¶ 59, at 22). He asks the Court to consider that his primary motivation for re-entering the United States "was due to family re-unification, and to seek employment." Sentencing Memorandum at 4. He asks the Court for a term of 30-months incarceration. See Sentencing Memorandum at 4-5. Regarding his sentence for violation of his term of supervised release, Palacios-Guerrero requests that the Court order that the sentence run concurrently rather than consecutively to the sentence the Court imposes as part of this proceeding, or that the Court vary downward from the advisory guideline range on the sentence for the supervised release violation. See Sentencing Memorandum at 5.[1]

On December 14, 2011, Plaintiff United States of America filed its response to the Sentencing Memorandum. See United States' Response to Defendant's Sentencing Memorandum and Motion for a Downward Departure or Variance (Doc. 29), filed December 14, 2011 (Doc. 30)("Response"). The United States asserts that it opposes any downward departure or variance. See Response at 1. It notes that Palacios-Guerrero has a variety of serious convictions, including serious drug crimes and several violent offenses. See Response at 1. It notes that one of those offenses involved attacking his elderly estranged wife. See Response at 1 (citing PSR ¶ 23, at 7-8). The United States asserts that he has been deported from the country on at least eighteen separate occasions and has used approximately thirty different aliases. See Response at 2 (citing PSR ¶ 58, at 22). The United States requests that the Court impose a sentence within the applicable sentencing

---

[1]The Court will address this request regarding the sentence for the violation of supervised release in a separate Memorandum Opinion and Order that it will file in No. CR 11-2197.

range of 30 to 37 months.  See Response at 2.

At the sentencing hearing on January 30, 2012, the parties agreed to the Court reducing Palacios-Guerrero's offense level a third level for acceptance of responsibility.  See Transcript of Hearing at 3:4-16 (taken January 30, 2012)(Court, Walsh, Wilson)("Tr.").[2]  The United States then moved, pursuant to the United States Attorney's Office fast-track program, for an additional 1-level departure on Palacios-Guerrero's offense level based on the waiver of his appellate rights.  See Tr. at 3:17-4:6 (Court, Walsh, Wilson).  Palacios-Guerrero emphasized that he is now fifty-five years old and will be approximately sixty years old when he is released from prison.  See Tr. at 8:15-9:3 (Wilson).  The United States contended that Palacios-Guerrero has an extensive criminal history, including various violent crimes.  See Tr. at 10:25-11:7 (Walsh).  The United States requested that the Court impose a sentence in the middle or at the high end of the applicable sentencing range.  See Tr. at 11:14-17 (Walsh).

## **ANALYSIS**

The Court notes that Palacios-Guerrero illegally re-entered the United States after formerly being deported and subsequent to a conviction for an aggravated felony.  The Court has carefully considered the parties' arguments and the circumstances of this case.  The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  The Court believes that the punishment that the guidelines set forth at the low end of the guideline range is appropriate for Palacios-Guerrero's offense.  The Court agrees with Palacios-Guerrero that a sentence of 30 months is sufficient to reflect the seriousness of this offense.  The Court adopts the sentencing guideline calculation in the PSR as its own.  The Court is satisfied that

---

[2]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

the agreed upon offense level of 12 departs for justifiable reasons. The Plea Agreement is pursuant to a nonstandard fast-track plea agreement. In section 401(m)(2)(B) of the PROTECT Act of 2003, Pub. L. No. 109-21, § 401(m)(2)(B), 117 Stat. 650, 675, Congress approved early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and this departure is in the lower part of the range of departures that Congress allowed. The Court's sentence will be consistent with the Plea Agreement. An offense level of 12 and a criminal history category of VI establishes a sentencing range of 30 to 37 months.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court is hesitant to impose a sentence higher than one at the low end of the sentencing range. The Court usually imposes a sentence at the bottom of the advisory guideline range absent aggravating circumstances. Such practice avoids introducing unwarranted sentencing disparities among similarly situated defendants and provides the parties with predictability as they negotiate plea agreements. Moreover, imposing a sentence higher than one at the bottom of this range would undercut the utility of the Plea Agreement to Palacios-Guerrero and could discourage other defendants from pleading guilty. For example, if the Court sentences him to thirty-seven months, a guideline sentence, he could have obtained that sentence by pleading guilty without entering into a plea agreement and without giving up his right to appeal or collaterally attack his sentence. See Plea Agreement ¶ 12, at 5 (waiving his right to "appeal both the Defendant's conviction(s) and the right to appeal any sentence imposed in this case," other than one where the Court varies "upward from the advisory sentencing guideline range," and waving his right bring "any collateral attack . . . except on the issue of counsel's ineffective assistance in negotiating or entering this plea agreement or this waiver"). The Court is reluctant to deny Palacios-Guerrero the benefit of the bargain he has received under the Plea

Agreement. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the offense is serious, many defendants appear before the Court having committed more severe offenses, including violent offenses and serious drug offenses. Palacios-Guerrero's significant criminal history, which includes violent offenses, would counsel against any kind of downward variance. A guideline sentence is appropriate given that his criminal history and base offense level, which received an 8-level enhancement, reflect his criminal history. Given that the sentence is within the advisory guideline range, the Court believes that the sentence promotes respect for the law and affords adequate deterrence, both to Palacios-Guerrero individually and to the public generally. Given that Palacios-Guerrero has significant criminal history, the Court believes that a downward variance would be inappropriate and that a sentence within the advisory guideline range provides just punishment and protects the public. Because the sentence reflects Congress' judgment with the fast-track program and is within the advisory guideline range, the Court believes that the sentence avoids unwarranted sentencing disparities among similarly situated defendants. While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress

set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  The Court sentences Palacios-Guerrero to 30-months imprisonment.

**IT IS ORDERED** that the request for a sentence at the bottom of the advisory guideline range contained in the Defendant's Sentencing Memorandum and Motion for Downward Departure or Variance, filed December 12, 2011 (Doc. 29), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
David M. Walsh
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Benjamin C. Wilson
Albuquerque, New Mexico

    *Attorney for the Defendant*